**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JOSEPH GALLO,

        Plaintiff,

v.                                                                   Case No. 6:14-cv-556-Orl-37DAB

PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

        Defendant.

---

**ORDER**

This cause is before the Court on the following:

1. Defendant's Partial Motion to Dismiss Plaintiff's Claim to the Extent It Seeks Benefits Beyond 24 Months (April 17, 2015) (Doc. 12), filed May 28, 2014;

2. Defendant's Memorandum of Law in Support of Its Partial Motion to Dismiss Plaintiff's Claim to the Extent It Seeks Benefits Beyond 24 Months (April 17, 2015) (Doc. 13), filed May 28, 2014;

3. Plaintiff's Response to Defendants [sic] Partial Motion to Dismiss Plaintiff's Complaint to the Extent It Seeks Benefits Beyond 24 Months (April 15 [sic], 2015) (Doc. 23), filed June 25, 2014; and

4. Plaintiffs' [sic] Request for Oral Argument on [sic] Opposition to Defendant's Partial Motionto [sic] Dismiss Plaintiff's Complaint to the Extent It Seeks Benefits Beyond 24 Months (April 15 [sic], 2015) (Doc. 24), filed June 25, 2014.

Upon consideration, the Court finds that Defendant's motion is due to be granted.

**BACKGROUND**

In March 2012, Plaintiff was involved in a car accident which caused him to have headaches, pain, and cognitive impairment. (Doc. 1, ¶ 11; Doc. 23-1, p. 3.) In May 2012, he ceased work and filed a claim for disability benefits under his insurance policy, which is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001. (Doc. 1, ¶ 11.) Defendant is the claims administrator and insurer for the policy. (*Id.* ¶ 5.)

The policy became effective in December 2011. (Doc. 23-1, p. 2.) The maximum monthly benefit under the policy is $15,000. (*Id.*) Plaintiff was previously covered by a different carrier's policy, which had a maximum monthly benefit of $10,000. (*Id.*)

In February 2013, Defendant sent Plaintiff a letter acknowledging that Plaintiff was disabled. (*Id.*) Defendant pointed to the policy's pre-existing condition provision, which states that if the claimant has a pre-existing condition, Defendant will only pay the maximum benefit due under the claimant's previous policy. (*Id.* at 3.) Defendant noted that Plaintiff had previously been treated for headaches and pain before the policy became effective; however, Defendant acknowledged that Plaintiff had not previously been treated for cognitive impairment. (*Id.* at 4.) According to the policy's pre-existing condition provision, Defendant only paid Plaintiff the $10,000 maximum benefit due under his previous policy during the time when Defendant was investigating Plaintiff's claim, due to the prior treatment of headaches and pain. (*Id.* at 3.) However, at that time, Defendant noted that its decision was not yet final and that it would retroactively pay Plaintiff the difference if it determined that his condition was not pre-existing. (*See id.* at 3–4.)

In July 2013, Defendant sent Plaintiff a letter notifying him of its final decision.

(Doc. 14-2.) Defendant determined that Plaintiff has a pain disorder. (*Id.* at 1.) As it stated in the previous letter, Defendant noted that Plaintiff had a pre-existing condition and that he was therefore only eligible for a $10,000 monthly benefit. (*Id.* at 2.) Defendant also stated that Plaintiff's pain disorder was classified as a somatoform disorder, which is a mental illness. (*Id.* at 4.) Because the policy limits payments for mental illnesses to a twenty-four-month period, Defendant determined that Plaintiff "is entitled to [disability] benefits through [April][1] 17, 2015 so long as he continues to meet the definition of disability." (*Id.* at 4.)

In December 2013, Plaintiff appealed both aspects of that decision to Defendant, arguing that the cognitive impairment was not a pre-existing condition and that his condition is a result of the traumatic brain injury from the car accident, not a result of somatoform disorder. (Doc. 23-3.) In March 2014, Defendant sent Plaintiff a letter notifying him of its decision on the appeal. (Doc. 14-3.) Defendant upheld its determination that the condition was pre-existing such that the maximum monthly benefit was $10,000. (*Id.* at 5.) However, as to the twenty-four-month limitation, Defendant stated that "at this time an adverse claim decision denying benefits beyond [April 17, 2015] has not been rendered." (*Id.*) Defendant noted that it would pay Plaintiff until that date and would decide "in the months closer to th[at] date" about continuing benefits. (*Id.*)

Plaintiff then filed the instant Complaint, seeking the full $15,000 monthly benefit under the policy and a clarification of his rights to future benefits after April 17, 2015. (Doc. 1, ¶¶ 30–36.) Defendant partially moves to dismiss the Complaint to the extent that

---

[1] Though the letter itself states that Defendant will pay benefits through *August* 17, 2015, both parties acknowledge that to be a typographical error and agree that Defendant will pay benefits through *April* 17, 2015. (*See* Doc. 13, p. 3; Doc. 23, ¶ 13.)

it seeks benefits beyond April 17, 2015, contending that because Defendant has made no determination with regard to any claim for benefits beyond that date, such a claim is not ripe. (Doc. 13, p. 2.) Plaintiff opposes. (Doc. 23.) This matter is now ripe for the Court's adjudication.

## STANDARDS

A claimant must plead "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). On a motion to dismiss, the Court limits its consideration to "the well-pleaded factual allegations" in the complaint. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

"The law is clear in this circuit that plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court." *Counts v. Am. Gen. Life & Accident Ins. Co.*, 111 F.3d 105, 108 (11th Cir. 1997). Defendant's March 2014 letter to Plaintiff makes it very clear that no determination has been made with regard to benefits past April 2015. (Doc. 14-3, p. 5 ("[A]t this time an adverse claim decision denying benefits beyond [April 17, 2015] has not been rendered.").) Plaintiff could not possibly have exhausted his administrative remedies for a claim that has not been determined yet. *See* 29 C.F.R. § 2560.503-1(m)(4) (defining an "adverse benefit determination" as a "denial, reduction, or termination of" benefits); *cf. Peterson v. Cont'l Cas. Co.*, 282 F.3d

112, 118 (2d Cir. 2002) ("As of [the date] when the District Court rendered its decision, [the plaintiff] had not yet been denied permanent benefits. In fact, because [the plaintiff's] occupation period had yet to expire, the issue was not even ripe for adjudication by the plan administrator, much less by the District Court."); *Welch v. Dolgencorp, LLC*, No. 3:09cv668–WHA, 2010 WL 779286, at *3 (M.D. Ala. Mar. 5, 2010) ("[A] benefits determination process has begun, and must be concluded, before there is a determination for the court's review. The court agrees with Defendants, therefore, that the proper course is to allow for the benefits determination process to conclude before continuing with this case."). As Defendant rightly notes, circumstances may change such that Plaintiff is entitled to receive benefits beyond the twenty-four-month period, making the Court's decision on this issue premature (Doc. 14, pp. 9–10)—precisely the reason for requiring the exhaustion of administrative remedies. *See Mason v. Cont'l Grp.*, 763 F.2d 1219, 1227 (11th Cir. 1985) (noting that "preventing premature judicial intervention in the decisionmaking process" is one of several reasons for the exhaustion requirement). Therefore, to the extent that Plaintiff seeks benefits beyond April 17, 2015, the claim is not ripe, and it is due to be dismissed without prejudice for failure to exhaust administrative remedies under ERISA.[2]

---

[2] The Court is cognizant of Plaintiff's concern that he must file a complaint within three years of his proof of claim, or November 2015. (Doc. 23, pp. 9–10.) However, the Court does not consider this speculation a valid reason for excusing the exhaustion requirement here, as Defendant stated that it would provide a review of the claim in the months "leading up to April 17, 2015," and that an appeal determination must then be made within forty-five days of an appeal request—providing enough time for exhaustion before the November 2015 deadline. (Doc. 14-3, p. 5.)

**CONCLUSION**

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Partial Motion to Dismiss Plaintiff's Claim to the Extent It Seeks Benefits Beyond 24 Months (April 17, 2015) (Doc. 12) is **GRANTED**.

2. Plaintiffs' [sic] Request for Oral Argument on [sic] Opposition to Defendant's Partial Motionto [sic] Dismiss Plaintiff's Complaint to the Extent It Seeks Benefits Beyond 24 Months (April 15 [sic], 2015) (Doc. 24) is **DENIED**.

3. To the extent that Plaintiff seeks benefits beyond April 17, 2015, that claim is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 13, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

6