**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOSEPH GALLO, M.D.,

        Plaintiff,

v.                                  Case No. 6:14-cv-556-Orl-37DAB

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

        Defendant.

---

**ORDER**

This cause is before the Court on the following:

1.    U.S. Magistrate Judge David A. Baker's Order Granting Plaintiff's Motion for Discovery and to Establish the Applicable Standard of Review (Doc. 55), filed January 14, 2015;

2.    Defendant The Prudential Insurance Company of America's Objection to the Magistrate Judge's Order (Doc. 56), filed January 28, 2015; and

3.    Plaintiff's Response to Defendant's Objection to the Magistrate Judge's Order (Doc. 57), filed February 11, 2015.

Plaintiff, appealing a decision denying him long-term disability benefits under a group disability insurance policy (the "Policy"), brings this action pursuant to the Employee Income Retirement Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). (Doc. 1.)

In this ERISA action, two possible standards apply to the review of Defendant's benefits determination: (1) if the Policy vests Defendant with discretion to determine the eligibility for benefits or construe the terms of the ERISA-governed Policy, then a deferential—that is, an arbitrary and capricious—standard applies; or (2) if the Policy does

not confer such discretion, then the review will be *de novo*. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 (1989); *see also Kirwan v. Marriott Corp.*, 10 F.3d 784, 788 (11th Cir. 1994) (stating that the Eleventh Circuit "mandate[s] *de novo* review unless the plan *expressly* provides the administrator discretionary authority to make eligibility determinations or to construe the plan's terms"). The scope of discovery is dictated by the applicable standard of review: under the *de novo* standard, the Court may examine facts not before the administrator, but under the arbitrary and capricious standard, the Court may only consider the "facts known to the administrator at the time the decision was made." *Kirwan*, 10 F.3d at 789; *Rosser-Monahan v. Avon Prods., Inc.*, 227 F.R.D. 695, 697–98 (M.D. Fla. 2004) (citations omitted).

Arguing that the Policy does not unambiguously vest Defendant with discretionary authority to determine the eligibility for benefits or construe the terms, Plaintiff moved the Court to: (1) establish the *de novo* standard of review as the appropriate standard for this case; and (2) accordingly, allow broad discovery in accordance with the Federal Rules of Civil Procedure. (*See* Doc. 42.) Defendant opposed (*see* Doc. 43) and Plaintiff filed a permitted reply (*see* Docs. 46–48).

Magistrate Judge Baker concluded that the *de novo* standard of review applies in this case because the Policy does not unambiguously vest Defendant with discretionary authority. (Doc. 55.) Accordingly, he granted Plaintiff's motion for discovery outside of the administrative record. (*Id.*) Defendant objected (*see* Doc. 56) and Plaintiff responded (*see* Doc. 57).

When a party objects to a Magistrate Judge's disposition of a non-dispositive matter, "the district judge . . . must consider [the] timely objections and modify or set aside

any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Upon review of Magistrate Judge Baker's thorough, well-reasoned decision made after comprehensive briefing and oral argument (*see* Docs. 42, 43, 48, 51, 53), the Court finds that Judge Baker's decision is not clearly erroneous or contrary to law. Defendant's objections rehash its prior arguments in hope of a different outcome. (*See* Docs. 43, 56.) For the reasons stated in Judge Baker's Order (Doc. 55), the Court agrees that the Policy does not vest Defendant with discretionary authority, the denial of benefits should reviewed under a *de novo* standard, and Plaintiff is entitled to discovery outside the facts available to the administrator at the time of the determination. *See Bruch*, 489 U.S. at 109; *Kirwan*, 10 F.3d at 789.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's objections (Doc. 56) are **OVERRULED** and Magistrate Judge David A. Baker's Order Granting Plaintiff's Motion for Discovery and to Establish the Applicable Standard of Review (Doc. 55) is **AFFIRMED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 5, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record